UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES ROOSEVELT SEAY, JR.,

    Plaintiff,

v.                                     Case No. 3:17cv758-LC-CJK

JULIE JONES, et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's amended civil rights complaint. (Doc. 9). The complaint was referred to the undersigned for screening under 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, the undersigned recommends that this case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) due to plaintiff's failure to state a claim on which relief may be granted.[*]

BACKGROUND

Plaintiff is currently confined at the Santa Rosa Correctional Institution Annex. The amended complaint names Julie Jones, the Secretary of the Florida

---

[*] The court advised plaintiff the initial complaint failed to allege either the objective or subjective component of an Eighth Amendment conditions of confinement claim. (Doc. 7). The amended complaint, however, names the same defendants and reiterates the same factual allegations as the original complaint.

Department of Corrections, and Jimmy Coker, the Warden of Santa Rosa Correctional Institution ("SRCI"), as defendants. The amended complaint sets forth the factual allegations that follow.

On January 16, 2017, plaintiff exited Gate 2 between K and L dorms at SRCI. Plaintiff tripped on "a metal protrusion (door handles) sticking up [1.5] inches from the communication shaft box that lie[s] fully in the direct path between the designated yellow line/lane that inmate[s] are order[ed] by rule to use[.]" Plaintiff fell and injured his neck, back, and shoulder.

Based on the foregoing, plaintiff alleges defendants Jones and Coker violated the Eighth Amendment. As relief, he seeks $750,000 from each defendant.

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In applying the standard, the court accepts all <u>well-pleaded</u> factual allegations in the complaint as true and evaluates all <u>reasonable</u> inferences derived from those facts in the light most favorable to the plaintiff. *See*

*Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'") (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or, "nudge[] the[] claim[] across the line from conceivable to plausible[.]" *Id.* at 570.

"The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment that they receive while in prison." *Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016). "To state an Eighth Amendment claim under § 1983, a prisoner must allege facts to satisfy both an objective and subjective inquiry regarding a prison official's conduct." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). "Under the objective component, a prisoner must allege a prison condition that is so extreme that it poses an unreasonable risk of serious damage to the prisoner's health or safety." *Id.* "To satisfy the subjective component, the prisoner must allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." *Id.* "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

Plaintiff's allegations do not meet either the objective or subjective component of an Eighth Amendment claim. A 1.5-inch metal protrusion in a walkway is not a condition "so extreme that it poses an unreasonable risk of serious damage to the prisoner's health or safety." Furthermore, plaintiff has not established either defendant acted with deliberate indifference because the amended complaint does not allege either defendant knew about the protrusion or that it posed a substantial risk of serious harm. And supervisory officials such as Jones and Coker

cannot be "liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of respondeat superior or vicarious liability.'" *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (*quoting Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994)). The amended complaint, therefore, fails to state an Eighth Amendment claim against defendants Jones and Coker.

Accordingly, it is ORDERED:

1. The clerk shall update plaintiff's address to Santa Rosa Correctional Institution Annex, 5850 East Milton Road, Milton, Florida 32583-7914.

And it is respectfully RECOMMENDED:

1. That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) due to plaintiff's failure to state a claim on which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 19th day of January, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:17cv758-LC-CJK

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:17cv758-LC-CJK